LEROY SARGENT, Appellant, *v.* MARY A. VOUGHT, Respondent.

Second Department, December 31, 1920.

Landlord and tenant — specific performance of covenant in lease giving lessee first privilege to purchase premises — necessity for bona fide offer before tenant can be compelled to elect — parol evidence to determine meaning of " first privilege " not admissible — privilege lost where tenant refuses to purchase though term of lease has not expired.

In a suit to compel the specific performance of a covenant in a lease giving the plaintiff the first privilege of purchasing at a stated price during the period of the lease, it appeared that the defendant wrote the plaintiff that she had an offer of sale and that pursuant to the lease she gave him the first privilege to purchase and that the defendant refused to accept and the property was sold to another.

*Held,* that it was error to dismiss the complaint upon the merits since it did not sufficiently appear that the defendant had a *bona fide* offer when she wrote the plaintiff.

Parol evidence of prior conversations was not admissible as to the meaning of the term " first privilege."

If the defendant had a *bona fide* offer of sale at the price stated and the plaintiff refused to avail himself of the privilege when notified, the option was gone; it did not extend throughout the term of the lease.

KELLY and RICH, JJ., dissent in part.

APPEAL by the plaintiff, Leroy Sargent, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Westchester on the 7th day of June, 1920, upon the decision of the court rendered after a trial at the Westchester Special Term.

Plaintiff, who had entered into possession under a three-

year lease from May 1, 1917, asked specific performance of the following covenant:

"And it is further agreed between the parties to these presents, that the party of the second part shall have the first privilege of purchasing the premises, herein described at any time during the term of this lease for the sum of twenty-five thousand ($25,000.00) dollars."

On August 30, 1919, defendant wrote plaintiff as follows:

" DEAR SIR.— I beg to advise you that I have an offer for the sale of the house now occupied by you under lease from me. Pursuant to the terms of that lease I give you first privilege to purchase the house at the sum of twenty-five thousand ($25,000.00) Dollars, as in said lease specified, said purchase to be made within twenty-four hours after the receipt of this notice."

The plaintiff received this September 3, 1919, and replied as follows:

" DEAR MADAM.— In answer to your letter of August 30, 1919, received this morning, I beg to advise you that under the terms of the lease referred to by you, I have the first privilege to purchase this house for the sum of $25,000.00 at any time during the term of this lease. As the lease does not expire until May 1st, 1920, I do not feel that I should be called upon to decide whether or not I will exercise my option at the time."

On February 10, 1920, and during the term of the lease, the plaintiff thus wrote defendant:

" DEAR MADAM.— I am writing to advise you that under the terms of my lease with you, dated the 12th day of March, 1917, for the premises at 12 Lester Place, Beechmont, New Rochelle, I wish to exercise my option of purchase given therein and will pay you twenty-five thousand dollars ($25,000), the consideration named, upon presentation of a properly executed deed showing a free and clear title to the premises. Please advise me whether you have had a title search made and whether there are any mortgages or other encumbrances on the property and if so the amounts of same. I shall be pleased to close the matter as speedily as may be convenient to yourself. Kindly advise me at the above address, and oblige, Yours very truly," etc.

On March 1, 1920, nineteen days thereafter, plaintiff received the following letter from the attorney for defendant:

" DEAR SIR.— Your communication of the 10th of February has been handed to me by Mrs. Vought for reply. On August 30th Mrs. Vought wrote to you giving you the first privilege of purchasing the premises that you now occupy. Your failure to exercise the option, together with your communication of September 3rd declining to exercise it, prevented the further operation of the option and the house was contracted to be sold to a purchaser then in mind. The house is, therefore, no longer in the market unless the new purchaser desires to dispose of it."

Defendant pleaded in her answer that on or about August 30, 1919, she had received a *bona fide* offer for the premises. In view of the correspondence she also set up that the privilege so extended to the plaintiff and not availed of by him had ceased and become null and void. As a further defense she alleged a subsequent contract for the sale of these premises, as plaintiff had been notified.

The learned court gave judgment dismissing the complaint upon the merits, from which this appeal is taken.

*J. Arthur Leve* [*Abel I. Smith* with him on the brief], for the appellant.

*Martin J. Tierney,* for the respondent.

PUTNAM, J.:

We are agreed for a new trial because it did not sufficiently appear that on August thirtieth the lessor did have a *bona fide* offer, so as to put the plaintiff to his election to purchase for $25,000.

We think that parol evidence of prior conversations was not admissible upon the meaning and import of the term " first privilege." (*Tracy* v. *Albany Exchange Co.,* 7 N. Y. 472.) The term " first privilege " of water necessary for running a mill was held to give a right to the water necessary, and not merely to take subject to the valid claims on the stream. (*Hapgood* v. *Brown,* 102 Mass. 451.) The majority of the court agree with the learned trial court that this clause gave the lessee a preference if the lessor were to sell for $25,000, but

that such option did not survive a *bona fide* offer followed by his refusal. That if defendant had such an offer for $25,000, and then plaintiff after having been so notified declined to avail himself of this reserved privilege, his option would be gone. Otherwise such preference would in effect tie up the demised property for the entire term. But in order to put the tenant to his option to purchase and so to terminate plaintiff's right, a real offer at these terms at the date of August 30, 1919, must be established.

Therefore, I advise that the judgment be reversed and a new trial granted, with costs to abide the event.

JENKS, P. J., and BLACKMAR, J., concur; KELLY, J., concurs for reversal, but is of opinion that the plaintiff tenant had the right to exercise the privilege granted to him to purchase the premises at any time during the term of the lease, with whom RICH, J., concurs.

Judgment reversed and new trial granted, with costs to abide the event.