### Adams, et al. v. Helburn, Trustee.

(Decided February 23, 1923.)

Appeal from Bell Circuit Court.

Vendor and Purchaser—Options.—A contract with respect to the purchase of leased property construed to vest in the lessees the option of purchasing the property at $25.00 a front foot, but if they failed to exercise that option before the lessor received a larger offer, and the lessor did receive such an offer that he was willing to accept, their option was limited to taking the property at the increased price.

JOHN HOWARD, CATES, SMITH & TATE and ED. C. O'REAR for appellants.

T. G. ANDERSON for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

This appeal involves the construction of a contract. Appellants, who were doing business under the firm name of Bell County Lumber and Supply Company, leased a small tract of land in Middlesboro from appellee on February 1, 1919, for a term of one year, agreeing to pay as rental therefor $50.00 a month. The contract of lease gave appellants the option of leasing the premises for the succeeding year, provided the parties could agree upon the rent to be paid. It also gave to them certain options in respect to the purchase of the property during the year 1919. That part of the contract by which these

options were given is the subject of this controversy. It reads:

"At any time therein from January 1st, 1919, the lessee may have the privilege, under the provisions exercisable herein, of purchasing the property from the lessor, in which event the purchase price shall be twenty-five ($25.00) dollars for a front foot, fronting on Fitzpatrick avenue from the aforesaid office building to said canal reserve.

"If lessor has an offer for the purchase of said property herein described he shall give the lessee the privilege of purchasing said property at the figure offered, but in the event that lessee fails to promptly exercise this privilege by purchase of and payment for said property, it shall not be binding."

In October, 1919, appellee received an offer of $50.00 a front foot for the property. He gave appellants the option of taking it at that price. They refused it but offered him $25.00 a foot. The offer was declined and appellants then requested that they be allowed to lease the property for another year. Appellee refused the request but did offer to let them have it until July 1, 1920, if they would release their option and pay $75.00 a month rent. Appellants rejected the offer and demanded that the property be sold to them at $25.00 a front foot, whereupon appellee gave them formal notice of a cancellation of the lease and demanded possession of the premises. Appellants refused to surrender possession, and appellee filed this suit for a cancellation of the lease and for damages for the retention of the property. By answer and counterclaim appellants asked for an injunction restraining appellee from interfering with their occupancy of the premises, and further that appellee be compelled to convey the property to them at the price of $25.00 a front foot, which they offered to pay. The court granted the relief sought by appellee and awarded him $1,437.60 in damages.

It is the contention of appellants that the contract gave to them an option to buy the property at $25.00 a front foot at any time during the year 1919, and also an option, as a preferred vendee, to purchase it at less

than $25.00 a front foot if the lessor, during the year, received an acceptable offer of less than that amount. Appellee contends that appellants had the right to exercise their option and take the property at $25.00 a front foot, but if they failed to exercise the option before appellee received a larger offer that he was willing to accept, then upon giving appellants notice of the larger offer their option was limited to that price.

The question is one of construction. The language of the two paragraphs is not as clear as it might be, but we construe it to mean that appellants had the option of buying the property at $25.00 a front foot, but, if they failed to exercise that option before appellee received an offer that he desired to accept, appellants then had the option of purchasing "at the figure offered," whatever that might be, whether less than $25.00 a front foot or more than that amount. That was the view of the trial court, and in our judgment it is correct.

The evidence shows that appellee offered to sell the property to appellants at $50.00 a foot, which was the price that he had been offered, and, appellants having declined that offer, he then agreed to extend their lease until July 1, 1920, believing that the property would not depreciate in value during that period. The latter offer was on the condition that appellants pay $75.00 a month rent. They rejected the offer of extension and stood on what they conceived to be their rights under the contract. Not agreeing to the offer of rental, but retaining possession of the property after the expiration of the term of one year, the court treated the contract as having been terminated on February 1, 1920, and awarded appellee damages in an amount equal to the interest on the sum for which the property could have been sold in the autumn of 1919, and also gave judgment for the rent for the three months of November and December, 1919, and January, 1920. This, in our opinion, was right.

The judgment is affirmed.