**SHELL OIL CO., Inc., v. BLUMBERG et al.**

No. 11452.

Circuit Court of Appeals, Fifth Circuit.

March 22, 1946.

Forney Johnston, of Birmingham, Ala., and Philip M. Payne, of New York City, for appellant.

O. S. Lewis, of Dothan, Ala., Thos. B. Hill, Jr., of Montgomery, Ala., and C. R. Shannon, of Mobile, Ala., for appellees.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This is an action (1) for a declaratory judgment construing a leasing agreement that included an option to purchase the realty leased, (2) for specific performance of the contract, and (3) to set aside a sale of the property leased. The questions

raised on appeal require an interpretation of the following provisions in said lease contract:

"Lessee is hereby given an option to purchase the above described premises during the term of this lease or any renewal period, for the sum of Ten Thousand Dollars ($10,000.00). Lessee agrees, in the event it desires to exercise said option that it will give notice in writing, addressed and mailed to the last known address of Lessor, on or before thirty (30) days before said sale is to be completed; in which event Lessor agrees to convey said premises by warranty deed for the consideration above named, free and clear of any liens and encumbrances of whatsoever kind or character.

"If Lessor at any time during the term of this lease should desire to sell said property to a prospective purchaser, able, willing and ready to buy the same, Lessor shall so notify Lessee. Said notice shall give the name and address of the prospective purchaser and be accompanied by an affidavit by the Lessor that such prospective sale is bona fide, and that Lessor intends to sell and convey said property. Lessee shall thereupon have the right and option to purchase said property at the price and upon the terms offered by the prospective purchaser. Lessee agrees, in the event it desires to purchase, that it will within fifteen (15) days from the receipt of said notice signify its intention to buy said property and Lessor and Lessee will complete said sale with reasonable diligence and dispatch. Lessor to furnish abstract of title as hereinafter provided. In the event of a sale to any third party by the Lessor, and in the event such purchaser should thereafter desire to sell said property Lessee shall have the like option to purchase at the price offered by any bona fide prospective purchaser upon the same terms and conditions above set forth; it being understood that this right of the Lessee to purchase at the offered price shall be a continuing right during the existence of this lease whenever Lessor or any subsequent owner of the fee may desire to sell said property. Lessee's failure to exercise any option herein contained shall not in any way affect this lease or the rights of Lessee in the estate hereby created."

Upon taking possession of the leased premises, appellant erected a gasoline filling station thereon. On July 16, 1940, the appellee, Blumberg & Sons, submitted two separate and distinct written offers to a representative of the Bishop of Mobile, one to purchase the above realty for the sum of $20,000 cash; the other to purchase a lot on which was located a church building owned by the Bishop adjacent to and north of said leased premises, fronting 44 feet on North Oates Street, for the sum of $5,000 cash. In compliance with the terms of said lease contract, on August 7, 1940, the Bishop executed and mailed to appellant a notice of said offer on the leased premises, giving the name and address of the prospective purchaser, accompanied by an affidavit of good faith and his intention to sell, all in accordance with the provisions of the lease contract. By letter dated August 15, 1940, appellant advised the Bishop that it elected not to accept his offer to sell the leased premises, but stated that its rejection of the offer should be without prejudice to any of its other rights under the lease.

Thereafter, the Bishop consummated the sale of the two lots to Blumberg & Sons for a consideration of $25,000, of which $20,000 was paid by check, and the remaining $5,000 by conveyance to the Bishop of a lot in the City of Dothan, Ala. The warranty deed conveying the two lots to Blumberg & Sons contained a provision that the conveyance of the leased premises was subject to appellant's rights to occupy same, and assigned said lease to Blumberg & Sons. Appellant remained in possession of the leased premises and paid the rental to Blumberg & Sons.

On September 26, 1943, appellant wrote a letter to the individuals comprising the firm of Blumberg & Sons, giving notice that it elected to exercise its option in the lease to purchase the premises therein described for the stipulated sum of $10,000, and requested that an abstract or certificate of title be submitted, to which letter Blumberg & Sons, through their attorney, replied that they did not recognize appellant's right or option to purchase the leased premises.

We think the lower court's construction of the contract was entirely correct. The first paragraph thereof, standing alone, confers upon appellant an option to purchase the premises for $10,000, during the term of the lease, but the second paragraph limits or modifies the preceding paragraph. Upon the notice to appellant by the Bishop of a bona fide prospective sale, and upon its being given the opportunity to ex-

ercise its option to purchase the property at the same price offered, and the appellant's refusal to purchase, the first paragraph of the option-agreement lapsed. Thereafter appellant's remaining rights were under the second paragraph.[1] Appellant's right to purchase the leased premises for $10,000 terminated with its writing of the letter dated August 15, 1940, advising the Bishop of its election not to accept his offer to sell the premises.

The provision in the second paragraph above quoted, giving the lessee the privilege of purchasing the property from a subsequent owner on the same terms as such owner might be offered, does not authorize or permit appellant to purchase the leased premises from the present owner for $10,000 if it so elects, but simply gives it the privilege of buying at a price that may be offered the present owner if the present owner desires to sell. The last sentence under paragraph 2 of the lease-contract, above quoted, does not refer to rights under paragraph 1 but only to future options and to the lease estate itself.

Appellant contends that the notice of the Bishop of its offer from Blumberg & Sons was misleading and did not amount to a full and fair disclosure of all the facts that it was entitled to know. It says that the sale to Blumberg & Sons should be set aside and that it should be permitted to purchase said property for $10,000. We agree with the trial court that the letter in question gave the appellant sufficient notice and ample opportunity to exercise its option or right to purchase the leased premises at the price and upon the terms offered by Blumberg & Sons, and that it fully complied with the provisions of the lease agreement.

Appellant's contention that the notice failed to conform to the facts because nothing was said about the offer to purchase the 44-foot lot adjacent to the leased premises cannot be sustained. The record shows that there were two separate and distinct offers made by Blumberg & Sons, one for $20,000 cash for the premises covered by the lease, the other for $5,000 cash for the 44-foot lot. They were independent proposals, and the Bishop had a right to accept one and reject the other. The record further shows that the $20,000 check from Blumberg & Sons was in payment of the leased premises, and the consideration for the 44-foot lot on which the church was located was satisfied by conveying to the Bishop another lot of the value of $5,000. This 44-foot lot was in no way included in the lease contract, and there was no duty on the Bishop to disclose this offer to appellant.

The trial court correctly decreed that appellant, in electing not to exercise the option, waived its right to purchase and was not entitled to the relief sought. The judgment appealed from is affirmed.

---

[1] The general rule as to the interpretation of such contracts is stated in volume 3, Thompson on Real Property, § 1329, p. 492: "When the lessee is given the first privilege of purchasing the premises, he must, after notice from the lessor of the receipt of a bona fide offer, elect to exercise his privilege in accordance with the terms of the lease or the right is lost."

It is stated in volume 32, American Jurisprudence, Landlord & Tenant, § 305, p. 284: "Under an option giving the lessee the right to purchase the demised premises within one year, with a further proviso that if the lessor should receive an offer for the property, ten days' notice should be given the lessee, and he should then have the privilege of purchasing on certain terms within a time limited, and that if he did not purchase the lessor might sell, the lessee must make his election in ten days after receiving notice of an offer by a third party to purchase; and if he does not, the lessor is at liberty to sell, although such offer is made within the year." Citing Harding v. Gibbs, 125 Ill. 85, 17 N.E. 60, 8 Am.St.Rep. 345.

See also: Adams et al. v. Helburn, 198 Ky. 546, 249 S.W. 543; Sargent v. Vought, 194 App.Div. 807, 185 N.Y.S. 578.