**H.W. MARKERT, Appellant,**

v.

**Lewis T. WILLIAMS and Sherra Williams, Appellees.**

No. 01–93–00173–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 14, 1994.

Rehearing Denied May 19, 1994.

O.F. Jones, III, Victoria, for appellant.

Michael E. Orsak, Richmond, for appellees.

Before HUTSON–DUNN, COHEN and MIRABAL, JJ.

## OPINION

HUTSON–DUNN, Justice.

Appellant, H.W. Markert, as lessee, brought this declaratory judgment action to determine the rights and liabilities of the parties under a commercial lease containing both an option to purchase at a fixed-price and a right of first refusal. The sole issue presented at trial was whether the lessee's failure to exercise his right of first refusal, which was followed by a sale, extinguished the fixed-price option. A single question was submitted to the jury to determine whether the original parties to the lease intended for the fixed-price option to continue, regardless of whether the lessee exercised the right of first refusal. The jury determined that the parties to the lease did not intend for the fixed-price option to continue, and the trial judge entered judgment in favor of appellees.

## BACKGROUND

On August 24, 1973, G.R. Wruck, as lessor, and Walter and Janine Stubbs, as lessees, entered into a commercial lease agreement for a .35 acre tract of land in Fort Bend County, upon which a service station was to be operated. The "Wruck lease" contained the following option paragraphs:

Lessor hereby grants to Lessee:

(a) The right to purchase the demised premises, together with all improvements and equipment thereon, free and clear of all liens and encumbrances at any time during the term of this lease or any extension thereof, for the sum of Seventy Five Thousand (75,000.00) Dollars; and,

(b) The exclusive right to purchase the demised premises with all improvements including the tanks, and equipment thereon, except gasoline marketing equipment above the ground, free and clear of all liens and encumbrances, at any time during the term of this lease, or any extension thereof, on the same terms and at the same price as any bona fide offer for said premises received by Lessor and which offer Lessor desires to accept. Lessor shall notify Lessee of each such offer received and Lessee shall have twenty (20) days after receipt of notice in which to exercise Lessee's prior right to purchase.

Upon Lessee's election to purchase, Lessor shall convey good and marketable title by General Warranty Deed to Lessee or any nominee of Lessee.

For purposes of this opinion, we will refer to paragraph (a) as the fixed-price option, and paragraph (b) as the right of first refusal.

On May 1, 1975, the Stubbs subleased the property to appellant, H.W. Markert. Ten years later, on December 13, 1985, Wruck gave notice to the Stubbs that appellees, the Williams, had made a bona fide offer to purchase the property for $75,000, and ad-

vised the Stubbs of their right to purchase the property. On December 24, 1985, the Stubbs chose not to exercise either the right of first refusal or the fixed purchase option. The property was subsequently sold to the Williams on February 6, 1986.

On October 19, 1987, the Stubbs assigned all of their interest in the lease, including any rights they may have held under the two option paragraphs, to Markert.

In August 1988, over two years after the Stubbs refused to exercise their rights under the options and the subsequent sale of the property to the Williams, Markert attempted to exercise the fixed-price option. The Williams refused to convey the property to Markert, contending that the fixed-price option had expired in February 1986, when the Stubbs refused to exercise their rights under the options, and the property was sold. Markert brought this declaratory action to resolve the issue.

### Parol Evidence

In his second, third, and fourth points of error, Markert contends that the trial court erred by refusing to allow parol evidence to be admitted. At trial, Markert attempted to introduce a Texaco form lease to explain the terms of the lease entered into between Wruck and the Stubbs. Apparently, the Texaco form lease contains a clause that makes it clear that the failure to exercise a right of first refusal does not alter any rights that might exist under a fixed-price option. The Wruck lease contains no such clause. However, Markert contends that because Wruck and Stubbs were former "Texaco men," they intended for their lease to have the same effect as the Texaco form lease.

█ The trial court found the Wruck lease to be unambiguous, and refused to allow the Texaco form lease to be admitted into evidence. Neither party on appeal challenges the trial court's ruling that the Wruck lease is unambiguous. A party may not introduce parol evidence to vary the terms of an unambiguous contract. *Murphy v. Dilworth*, 137 Tex. 32, 151 S.W.2d 1004, 1005 (1941); *Palmer v. Liles*, 677 S.W.2d 661, 665 (Tex.App.—Houston [1st Dist.] 1984, writ

ref'd n.r.e.). When a writing is intended as a completed legal transaction, the parol evidence rule excludes other evidence of any prior or contemporaneous expressions of the parties relating to that transaction. *Massey v. Massey*, 807 S.W.2d 391, 405 (Tex.App.—Houston [1st Dist.] 1991), *writ denied*, 867 S.W.2d 766 (Tex.1993). Only if the intention of the parties as expressed on the face of the document is doubtful may the court resort to parol evidence to resolve the doubt. *Id.* Where no ambiguity exists, parol evidence is not admissible to create an ambiguity. *Entzminger v. Provident Life and Acc. Ins. Co.*, 652 S.W.2d 533, 537 (Tex.App.—Houston [1st Dist.] 1983, no writ).

█ If a court can give a contract a definite legal interpretation, the contract is unambiguous. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex.1983). A contract is not ambiguous simply because the parties disagree over its interpretation. *Praeger v. Wilson*, 721 S.W.2d 597, 600 (Tex.App.—Ft. Worth 1986, writ ref'd n.r.e.). In this case, both parties apparently concede that the contract is unambiguous, but disagree over the proper interpretation to be given to the contract. Such a disagreement does not render the contract unambiguous. Therefore, the trial court did not err in finding the contract to be unambiguous, or in excluding Markert's parol evidence for that reason.

We overrule Markert's second, third, and fourth points of error.

### Reformation because of Mutual Mistake

█ In his sixth point of error, Markert contends that the trial court erred by concluding that there was no evidence of a mutual mistake or accident that caused the explanatory language of the Texaco Form Lease to be omitted from the Wruck Lease, thus entitling him to reformation. Though it is far from clear, appellant seems to be contending that the trial court erred by refusing to submit the issue of mutual mistake to the jury. The test by which we determine if an issue should have been submitted is the same as where the court instructs a verdict. *Phillips Pipeline v. Richardson*, 680 S.W.2d 43, 48 (Tex.App.—El Paso 1984, no writ). If there is any conflicting evidence in the rec-

ord of probative nature, a determination of the issue is for the jury. *Id.*

■ Stubbs, the original lessee, testified that the Wruck lease was not as wordy as the Texaco form lease, but also testified that the lease embodied the agreement the Stubbs had with Wruck. Wruck, the original lessor, testified that no Texaco form lease was used to draft the Wruck lease, and that the Wruck lease had been prepared to his satisfaction. Even if we assume that Stubbs' testimony indicates that he mistakenly omitted a clause from the lease, such evidence would not indicate *mutual* mistake. Wruck testified that he was satisfied with the lease. Therefore, the trial judge did not err by concluding there was no evidence of *mutual* mistake, and refusing to submit the issue to the jury.

Markert's sixth point of error is overruled.

### Submission of the Question of Intent to the Jury

After the evidence was closed, the trial court submitted the following jury question to the jury:

Do you find that when the lease dated August 24, 1973, was executed by G.R. Wruck and W.B. Stubbs, it was their intent that the right to purchase the subject tract of land, as provided in paragraph 4, part A, would continue to exist after the right to purchase the subject tract of land as provided in paragraph 4, part b, was rejected by the said W.B. Stubbs and the property was sold to a third party?

The jury determined that it was not the intent of the parties that the fixed-price option continue.

In his first, fifth, seventh, and eighth points of error, Markert contends that because the trial court had already determined that the Wruck Lease was unambiguous as a matter of law, it was error to submit the issue of the parties' intent to the jury. We agree.

■ The construction of an unambiguous contract is a question of law and not of fact, and is for the court and not for the jury. *Brown v. Stovall,* 384 S.W.2d 773, 775 (Tex. Civ.App.—Amarillo 1964, no writ). "It is elementary that the construction of a con-

tract is for the Court and not the jury." *City of Houston v. Howe & Wise,* 323 S.W.2d 134, 140 (Tex.Civ.App.—Houston 1959, writ ref'd n.r.e.). If the contract in issue is unambiguous, its interpretation is part of the court's obligation to interpret and apply the law. *Myers v. Gulf Coast Minerals Management Corp.,* 361 S.W.2d 193, 196 (Tex.1962); *N.M. Uranium, Inc. v. Moser,* 587 S.W.2d 809, 814 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.). A jury may not be called upon to construe the legal effect of an instrument. *Knutson v. Ripson,* 163 Tex. 312, 354 S.W.2d 575, 576 (1962); *National Union Fire Ins. Co. v. Hudson Energy,* 780 S.W.2d 417, 420 (Tex.App.—Texarkana 1989), *aff'd,* 811 S.W.2d 552 (Tex.1991).

Having determined that the contract at issue was unambiguous, it became the duty of the court to interpret the contract and determine its legal effect. Therefore, we conclude that the trial court erred by delegating that duty to the jury.

However, our inquiry does not end there. We cannot reverse the decision because the trial court has committed an error of law unless "the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause rendition of an improper judgment in the case...." Tex.R.App.P. 81(b)(1). In order to determine whether the error resulted in an improper verdict, we must determine the proper interpretation of the contract at issue. Such a determination will also resolve all of Markert's remaining points of error.

### Interpretation of the Lease Agreement

■ The sole issue to be resolved by this Court is whether the lessee's fixed-price option was extinguished by his failure to exercise his right of first refusal, followed by the subsequent sale of the property to a bona fide purchaser. Though a question of first impression in Texas, courts in other states have grappled with this issue.

In *Shell Oil Company v. Blumberg,* 154 F.2d 251 (5th Cir.1946), the United States Fifth Circuit was faced with an almost identical factual situation as presented by this

case. The Lessor, Bishop, had entered into a lease agreement with the lessee, Shell Oil Company, that contained a fixed-price option to purchase the property at $10,000, and a right of first refusal. On August 7, 1940, Bishop advised Shell that it had received an offer on the property from a bona fide purchaser, Blumberg. On August 14, 1940, Shell declined to exercise its right of first refusal, and the property was sold to Blumberg. Three years later, Shell sought to exercise the fixed-price option, and compel Blumberg to convey the property for $10,000. The Court concluded that by refusing to exercise its right of first refusal at the time the property was sold, Shell's fixed-price option had lapsed. *Id.* at 253.

The issue was revisited by the Vermont Supreme Court in *Shell Oil Co. v. Jolley*, 130 Vt. 482, 296 A.2d 236 (1972). In *Jolley*, the lessor, Barsalou, entered into a lease with the lessee, Shell, that contained both option clauses involved in this case. In June 1963, Barsalou gave notice to Shell that an offer of $45,000 had been made by a bona fide purchaser. Shell refused to exercise either of its options, and the property was sold to Terjelian. In 1970, Terjelian notified Shell that it had received an offer of $95,000 for the property. Shell refused to match this offer, but instead sought to enforce its fixed-price option to purchase the property for $30,000. The Court held that at the time it received notice of Terjelian's offer to purchase in 1963, Shell could have elected to exercise either of its two options. However, because Shell failed to exercise either option at the time of the sale of the property, its fixed-price option was extinguished. *Id.* 296 A.2d at 241. The court held that to allow Shell to exercise the fixed-price option over seven years after the sale, and after the property had appreciated considerably "would be unconscionable, and offensive to all equitable principles." *Id.* at 241.

Appellant cites several cases for the proposition that the fixed-price option survives even though the lessee fails to exercise the fixed-price option. However, we find those cases to be distinguishable. In *McDonald's Corp. v. Lebow Realty Trust*, 888 F.2d 912 (1st Cir.1989), the lessor, Lebow, gave notice on November 5, 1985, to lessee, McDonald's, that he had received a bona fide offer of $450,000 for the property. Thirteen days later, and before the sale, McDonald's notified Lebow that it intended to exercise its fixed-price option to purchase for $300,000. McDonald's declined to match the bona fide offer by exercising its right of first refusal. The Court held that the *notice of the bona fide offer* and subsequent refusal to exercise the right of first refusal did not terminate McDonald's right to promptly exercise its fixed purchase option. *Id.* 915–16.

Similarly, in *Gulf Oil Corp. v. Chiodo*, 804 F.2d 284 (4th Cir.1986), the lessee sought to exercise his fixed-price option promptly upon receiving notice that the lessor had received a bona fide purchase offer, and before the property was sold. The court held that fixed-price option was not extinguished by receipt of notice of a bona fide purchase offer followed by the lessee's refusal to exercise his right of first refusal. *Id.* at 286.

In both *McDonald's* and *Chiodo*, the lessee sought to exercise his fixed-price option, rather than his right of first refusal, immediately upon receipt of notice of a bona fide offer. By contrast, in *Jolley* and *Blumberg* the lessee refused to exercise either option at the time he received notice of a bona fide purchase offer, and then attempted to exercise the fixed purchase option several years after the sale to the bona fide purchaser was consummated.

The district court in *McDonald's* recognized the distinction in these two situations:

In circumstances such as those present here, where the lease contains both provisions, notice of a bona fide third party offer to purchase should equitably be construed as requiring the lessee either to meet the third party offer (the right of first refusal) or to exercise promptly the fixed-price purchase option. *The two clauses thus ought not be construed to be totally independent. If the lessee declines to act, i.e. refuses to meet the bona fide third party offer but also refuses to exercise the fixed-price option, then the lessee ought equitably lose its fixed purchase option and the lessor ought to be free to sell the premises to the third party.* A con-

**358**

trary result would deprive the lessor of its ability to alienate the premises to a good faith third party purchaser and, instead, lock the lessor into what might well be an improvident long term lease. Such a result would read far too much into the right of first refusal, a provision which appears to the Court clearly to contemplate that the lessor may entertain bona fide third party offers to purchase during the lease term.

*McDonald's Corp. v. Lebow Realty Trust,* 710 F.Supp. 385, 388 (D.Mass.1989), *aff'd,* 888 F.2d 912 (1st Cir.1989) (emphasis added).

The only Texas case to address the issue is *Sinclair Refining Co. v. Allbritton,* 147 Tex. 468, 218 S.W.2d 185 (1949). *Sinclair* recognized the holding in *Blumberg,* i.e., that the lessee's refusal to meet a third party offer, which resulted in the subsequent sale to the bona fide purchaser, terminated the lessee's rights under the fixed-price option. However, the court further concluded that the lessee in *Sinclair* had in fact validly exercised its right to purchase under the fixed-price option *before* receiving notice of the bona fide offer. While the court in *Sinclair* was not confronted with the issue we must decide today, the opinion does imply that Texas would follow *Blumberg* in a similar situation.

Markert's remaining points of error are overruled.

### CONCLUSION

We hold that the fixed-price option was extinguished by the Stubbs' failure to exercise their right of first refusal before the property was sold from Wruck to the Williams in 1985. Because we find that the fixed-price option had expired before Markert attempted to utilize it, we cannot conclude that the trial court's error in submitting the issue of the interpretation of the contract to the jury caused the rendition of an improper judgment.

The judgment is affirmed.