**COEN et al. v. STOUT.**

No. 6604.

Court of Civil Appeals of Texas. Texarkana.

Jan. 10, 1952.

Falvey & Painter, Longview, Eugene J. Coen, Shreveport, La., for appellants.

Shead & Ferguson, Longview, for appellee

WILLIAMS, Justice.

This is an appeal from the order of the 71st District Court of Gregg County, Texas, sustaining certain exceptions to appellants' amended original petition and dismissing their cause of action.

Appellants bring forward two points, the first asserting that the trial court erred in sustaining the exceptions to their petition; and, second, the court erred in dismissing the cause.

The undisputed facts surrounding the transaction out of which this cause arose are: In October, 1941, Lucy Mae Crawford Stout sued Homer H. Stout, appellee here, in the District Court of Caddo Parish, Louisiana, for divorce and for alimony for herself and support for her child. Upon trial a divorce was granted Mrs. Stout and $50 per month alimony was awarded her and $25 per month for child support. Certain of the alimony and child support was not paid, and in April, 1946, Mrs. Stout employed appellant Eugene J. Coen, an attorney of Shreveport, Louisiana, to bring suit for her for the past due alimony and child support, orally agreeing to pay Coen 50 per cent of the amount recovered. Coen employed appellants James W. Falvey and Paul Painter, attorneys at Longview, Texas, to assist him in the prosecution of said suit in the Gregg

County District Court for past due alimony and child support, appellee Stout having removed to the latter county. Upon a trial of that cause judgment was rendered in favor of Mrs. Stout against appellee, Homer H. Stout, in the sum of $1,920 for unpaid alimony and child support. That case was appealed to this court where the judgment of the court below was affirmed. Stout v. Stout, Tex.Civ.App., 214 S.W.2d 891. Writ of error to the Supreme Court was refused. Thus, before this suit was instituted the judgments of the trial court and of this court had become final, and the rights of all the parties became fixed in the alimony suit. After the mandate was returned to the District Court of Gregg County on the 17th day of February, 1949, the alimony judgment was abstracted in the abstract of judgment records of Gregg County and execution issued thereon. Appellants alleged that on or about the 24th day of June, 1948, appellee Stout's attorney, one Wm. Hurwitz, was given notice of appellants' contract with Mrs. Stout for 50 per cent of the recovery in the alimony suit; that after the judgment in the alimony suit became final appellee here, Homer H. Stout, reached a settlement with his former wife, Mrs. Lucy Mae Stout, in which he paid her a sum of money in settlement of the $1,920 judgment she had obtained against him and secured a release thereof, which he filed for record. Because of this settlement agreement the execution was returned not served. Plaintiffs' suit here is for $960, one-half of the judgment rendered by the District Court of Gregg County, in the alimony suit for which they had a verbal contract with Mrs. Stout. Appellee filed several exceptions to plaintiffs' petition, in which he asserted that the alleged oral contract with Lucy Mae Stout for one-half of the recovery in the alimony suit was nothing more than a contingent fee contract and not an assignment of a part of the cause of action. This in effect is the substance of his exceptions to appellants' pleadings.

Unquestionably the allegation in appellee's petition with reference to the oral contract between appellant Coen and Mrs. Stout with respect to his fee in the alimony suit amounted to no more than a contract for a contingent fee and in no wise can be construed as an assignment of an interest in the cause of action. However, after the cause of action, with respect to the alimony, had been reduced to a judgment and became final, the rights of the attorneys, appellants here, became fixed as owners of one-half the amount of the judgment recovered. Their rights were such that the parties to said alimony suit could not reduce the judgment and secure a valid release of it without the consent of appellants, after the appellee, as here, had notice through his attorney of appellants' claim. Appellee cites the case of Carroll v. Hunt, 140 Tex. 424, 168 S.W.2d 238, as supporting their contention that the exceptions were properly sustained. The Carroll case presents an entirely different situation and in our opinion does not control the disposition of this case. Appellee also cites the case of Wheeler v. Fronhoff, 270 S.W. 887, by this court. That case is not in point. In both the Carroll and Wheeler cases the attorneys for the plaintiffs sought to intervene in the original cause of action in which they had a contract for a contingent fee, setting up their contract and claiming an interest in the cause of action. The courts held in those cases that the attorneys had no right of recovery, their contracts being merely for a contingent fee and not an assignment of a part of the cause of action. We think the case of Kull v. Brown, 165 S.W.2d 1011, 1013, by this court, is controlling. In that case Brown represented Mrs. Kull in a divorce action which was prosecuted to judgment. After judgment became final, Kull and wife, Brown's client, settled their property rights disregarding the judgment and Brown's interest therein. Brown later sued Kull for his attorney's fee of " 'one-third (undivided interest) of "whatever may be recovered" ' " as evidenced by his written contract with Mrs. Kull. Brown recovered judgment against Kull which was affirmed by this court. We held in that case that " 'The instrument (Brown's contract of employment) does not, in terms, attempt to assign a present interest in the cause of

action, but agrees to give (pay and allow) one-third (undivided interest) of "whatever may be recovered" '." It further held in that case that "It is without controversy that appellee prosecuted the cause of action to final adjudication and judgment (as here), fully cooperated in by Mrs. Kull, in which appellee recovered for his client an interest in the community estate. It is undisputed that appellee (attorney Brown) fully performed under the terms of the contract. Such performance vested in appellee under the terms of the contract, an equitable one-third undivided interest in that portion of the community so recovered." It is said in C. W. Hahl & Co. v. Hutcheson, Campbell & Hutcheson, Tex. Civ.App., 196 S.W. 262, 266, writ refused: "We think the contract above mentioned, construed in the light of the circumstances under which it was made, clearly evidences that the intention of the parties in its execution was to give appellee one-half of the judgment rendered in the suit, *and notwithstanding the fact that it contains no words of conveyance of an interest in the cause of action, when the judgment was obtained appellees became the equitable owners of one-half thereof.*" In 7 C.J.S., Attorney and Client, § 187, Subsection b, (2), page 1070, it is said: "An agreement with an attorney that he shall have as compensation a specific sum, or a stipulated percentage, to be paid out of the amount recovered *will, however, on the recovery of judgment, operate as an equitable assignment pro tanto;* and this has been so held where the action in which the judgment was obtained was on a cause of action for a tort in itself unassignable." (Italics ours.)

In our opinion when appellants fully performed their part of the contract for a contingent interest in the recovery, the contract then became executed and their rights attached to fifty per cent of the recovery. Until they had performed fully their part of the contract their rights would not attach because their contract was merely contingent on a recovery and was purely executory. Browne v. King, 111 Tex. 330, 235 S.W. 522. The settlement by appellee with his former wife, Mrs.

Stout, attempting to release the $1,920 judgment could in no wise affect the appellants' fixed equitable interest therein.

Appellee makes the contention that one allegation of appellants is that they were to receive fifty per cent of the amount of money "collected." This is true, but appellants also allege in another paragraph that they were to receive fifty per cent of the amount recovered.

Therefore, it is our opinion that the trial court erred in sustaining the special exceptions to appellants' amended petition.

We think the situation is such that the case should be remanded to the lower court for a trial of the cause upon pleadings alleging their contract for fifty per cent of the amount of alimony and child support recovered.

The judgment of the trial court is reversed and the cause remanded.