**M. W. PLUMMER et al., Appellants,**

**v.**

**Selma B. BRADFORD et al., Appellees.**

**No. 14657.**

Court of Civil Appeals of Texas.

Houston.

Oct. 14, 1965.

Harry E. Groves, and M. W. Plummer, Houston, pro se.

Red, Kemp & Wyckoff, Rayburn Berry, Houston, for appellees Selma and Burton Bradford.

WERLEIN, Justice.

This suit was brought on September 23, 1960, by appellant, M. W. Plummer, who in his third amended original petition joined Alfred D. Butler as nominal plaintiff, against appellee, Selma B. Bradford, and others, for partition of Lots 1 to 6, inclusive, in Block 2, of The Holman 45 Addition, an addition in Houston, Harris County, Texas, and to set apart to plaintiffs their interest in said property in kind, and, in the alternative, praying that the court order the property sold and the proceeds partitioned among the plaintiffs and defendants according to their respective interests therein.

At the conclusion of appellant's evidence, the court, upon motion of appellees, Selma Bradford and husband, Burton Bradford, instructed the jury to bring in a verdict in favor of the defendants, which was done. The court then proceeded to partition the property in accordance with the stipulation made in open court by "all the parties having an interest remaining in this litigation."

As having an important bearing upon the question as to whether the trial court erred in granting the instructed verdict against appellant Plummer, we must first determine whether the relation of attorney and client existed between Mr. Plummer and Margaret Butler Alexander, appellee Selma B. Bradford's predecessor in title, when the written contract and conveyance under which appellant Plummer claims was executed. In his amended petition appellant Plummer alleged that on or about August 26, 1953, Margaret Butler Alexander, a widow, employed him as her attorney, and pursuant to such employment sought consultation and advice. He also alleged that Mrs. Alexander on or about August 15, 1953, consulted him in connection with certain legal problems and that he advised her as to her rights and what remedies were available to her, and that for such services he was due and entitled to a fee. He further alleged that said Mrs. Alexander sought additional services, for which she was unable to pay, and it was agreed between appellant and Mrs. Alexander that he would render such services for an assignment of one-third of her interest in the above described property, such agreement being evidenced by "a contract and such assignment and conveyance" executed on September 3, 1953, and recorded September 11, 1953, in the Deed Records of Harris County, Texas. Appellant further alleged:

"* * * That subsequent to the execution of the hereinbefore mentioned contract of conveyance, Plaintiff Plummer further advised Mrs. Alexander; conferences were held; Plaintiff Plummer investigated the facts and circumstances surrounding the matter under consultation, and subsequently filed a lawsuit for and in behalf of Mrs. Alexander on or about the 20th day of November, 1953, such suit being styled Margaret B. Alexander vs. Nettie R. Butler, and numbered 428,884, in the 80th District Court of Harris County, Texas, and that each and all of such labor, costs and services were done in consideration of such conveyance."

Appellant also alleged that on September 3, 1953, Mrs. Alexander was the owner of an undivided $^{4580}/_{11520}$ of the property in question, and that by virtue of such assign-

ment and conveyance he became the owner of and was entitled to a $^{66}/_{417}$ interest therein and that the defendants are owners of the remaining undivided interests.

During the trial it was stipulated by appellant and appellees, among other things, that appellee, Selma B. Bradford, owned as her separate property an undivided $^{14}/_{24}$ interest in the property hereinabove described, and that of such $^{14}/_{24}$ interest an $^8/_{24}$ interest in the above described property was inherited by her from Margaret Butler Alexander, such $^8/_{24}$ or one-third interest in said property being the portion of the property in which appellant was claiming an undivided one-third interest. The stipulation also set out the interests in the property owned by the other parties in the suit.

The evidence shows that Mr. Plummer was a licensed attorney at the time he was employed by Mrs. Alexander. Appellant's witness, W. H. Holland, testified that he was present and witnessed the signing of the written contract, which reads as follows:

STATE OF TEXAS }
COUNTY OF HARRIS } KNOW ALL MEN BY THESE PRESENTS:

That I, Margaret Butler Alexander, a widow, of Houston, Harris County, Texas, have made, constituted and appointed, and by these presents do make, constitute and appoint M. W. Plummer, of Houston, Harris County, Texas, my true and lawful attorney to represent me and prosecute to settlement or judgment my suit for accounting and partitioning all my interest in property left me by my natural parent MONROE BUTLER and RACHAEL BUTLER, and by their son RICHARD BUTLER my brother through his last will and testament; for that property more particularly described as lots 1 to 6 in Block 2 in the 45 James Holman Survey, Houston, Harris County, Texas.

I hereby fully authorize and empower my said attorney to bring suit on said cause, if necessary and to prosecute the same to final judgment, and to compromise and settle, with or with out suit, in any manner that he may deem best or advisable, and to sign my name to any and all papers that may be necessary to be executed for the purpose of settling such estate. For and in consideration of the services rendered for me by my said attorney, M. W. Plummer, and the further services to be rendered herein by him for me, I hereby agree and obligate my self to give and allow him as his compensation herein one-third of all my interest in the aforementioned estate, whether in money or kind, by suit compromise or otherwise, and I hereby sell, transfer, assign and convey to my said attorney, M. W. Plummer, a one-third of my undivided interest in the said Butler Estate, whether the same is settled with or without suit, and to any judgment or judgments that I may obtain in this suit or in any other suits that may here after be brought on said claim, to have and to hold the same as his own property unconditionally.

In witness thereof I have here unto set my hand this 3rd day of September, 1953, A.D.

(Signed) Margaret Alexander

(Single acknowledgment)

■ We are of the opinion that the relation of attorney and client existed between appellant Plummer and Margaret Alexander at the time and prior to the date the foregoing power of attorney and conveyance was executed. Indeed, appellant Plummer in his amended petition alleged that he had been consulted by Mrs. Alexander as early as August 15, 1953, and that on August 26, 1953, she employed him as her attorney. He further alleged that for the services rendered Mrs. Alexander he was due and entitled to a fee. Thereafter, and while such relation existed, said contract and conveyance was executed, since Mrs. Alexander sought additional services, for which she was unable to pay, and appellant agreed he would render such services for an assignment of one-third of Mrs. Alexander's interest in the above described property. Thus appellant judicially admitted that the relation of attorney and client did exist at the time of the execution of the contract and conveyance on September 3, 1953. Moreover, in the contract and conveyance it is recited that the consideration therefor consisted of services rendered Mrs. Alexander by her attorney and the further services to be rendered by him, thus showing that the relation of attorney and client existed prior to the execution of such instrument.

Appellant's claimed interest in the property in question and his right to have such property partitioned depended upon the power of attorney and conveyance executed by his client, Mrs. Alexander, at a time when the relation of attorney and client existed. Appellees in their amended pleading specially denied the various allegations contained in appellant's pleading and alleged there was no consideration, and, in the alternative, there was a failure of consideration, for such purported conveyance in that appellant had only two office conferences with Mrs. Alexander and filed a lawsuit which was dismissed for want of prosecution. There is nothing in the record, however, to show that appellant had only two office conferences with Mrs. Alexander or

that the lawsuit which he had filed was dismissed for want of prosecution.

For the purpose of showing what he did subsequent to the execution of the contract and conveyance, appellant introduced in evidence the original petition for partition filed by him in Cause No. 428,884 in the 80th District Court of Harris County, styled "Margaret Butler Alexander vs. Nettie R. Butler" and the citation which was issued in such case. Appellant testified in the present suit that he thought the property in question could be partitioned without serious loss of value, and that he thought the property was reasonably worth $45,000.00. This is about the extent of the evidence, except for the testimony concerning rents that had been collected from such property by the Bradfords. There is nothing in the record to show what else was done by appellant in connection with the suit he filed for Mrs. Alexander against Nettie R. Butler, nor is there anything to show whatever became of the suit. The record is silent as to such matters and there are no findings of fact or conclusions of law by the trial court.

The motion filed by appellees for an instructed verdict did state, among other things, that there was no evidence that the contingent fee of one-third was a fair and reasonable fee, and that the allowance of such fee would shock the conscience of the court, and that there was no evidence of substantial compliance or performance of the contract by appellant, and that because of the confidential relationship, there is a presumption of unfairness and invalidity attached to the contract placing the burden of showing its fairness and reasonableness upon appellant who failed to discharge such burden. As hereinabove stated, the trial court granted such motion, but without comment other than reciting, "after considering the same, on the 1st day of December, 1964, the Court instructed the jury to render a verdict * * *."

There is no allegation in appellees' amended answer of fraud or imputation of fraud on the part of appellant, nor is there any allegation to the effect that the contract and conveyance was unfair, inequitable or unjust, or that the allowance of the one-third interest in the property as fee to appellant was unreasonable or that it would shock the conscience of the court. Appellees have not sought to have the instrument in question cancelled or rescinded. There is no evidence in the record of any fraud, unfair dealing, duress, undue influence or improper conduct of any kind on the part of appellant. Appellees contend, however, that without pleading fraud or wrongdoing on the part of appellant Plummer in connection with the execution of the instrument, their pleading of no consideration and failure of consideration, in view of the confidential relation existing between appellant and Mrs. Alexander, placed upon appellant the burden of establishing that such instrument was fair, and freely and voluntarily executed by Mrs. Alexander with full understanding of its import, and that the contingent fee of a one-third interest in the Alexander undivided interest in the property was fair and reasonable.

In Archer v. Griffith, Tex.Sup.1964, 390 S.W.2d 735, the plaintiff brought suit to cancel and set aside a deed which she had executed conveying to her attorney as a fee a one-fourth of her undivided interest in certain property. The case was tried by the court without a jury, and the court rendered judgment for the plaintiff. The plaintiff pleaded fraud, but there was no evidence of fraud. The plaintiff, however, specifically pleaded that the fee was so exorbitant and unreasonable as to require that the deed be cancelled and set aside. The Supreme Court held that the record would support the conclusion that the contingent contract was so exorbitant and unreasonable as to require that the conveyance be set aside. In the Archer case evidence was adduced as to the value of the property, the services rendered by the attorney, and

what a reasonable attorney's fee would be. In the instant case there is no such pleading or evidence, with the exception of appellant's testimony as to the value of the property and the filing of the suit against Nettie R. Butler, and the issuance of citation.

The evidence shows that the instrument in question was not without some consideration since it was given in part for services already rendered. The evidence also shows that after the execution of the instrument additional services were rendered by appellant. Hence there was neither an entire want of consideration nor a complete failure of consideration as affirmatively pleaded by appellees. There is no admissible evidence in the record that appellant did not perform all that was required of him under the contract. Unless under these circumstances the relation of attorney and client between appellant and Mrs. Alexander placed the burden upon appellant to show that the contract and conveyance was not unfair, unjust or inequitable even though there was no claim or pleading to such effect, it was error on the part of the trial court to instruct a verdict against appellant.

In the following cases cited with approval by the court in Archer v. Griffith, supra, there was a pleading of fraud or inequitable or improper conduct on the part of the attorney. In Cooper v. Lee, Tex.1889, 75 Tex. 114, 12 S.W. 483, the plaintiff pleaded fully the confidential relation existing between him and the defendant and the defendant's fraudulent design and representations. In Holland v. Brown, Tex.Civ.App., 66 S.W.2d 1095, writ ref., there were allegations of fraud on the part of the defendant sufficient to support the introduction of parol testimony in explanation of the written contract and its legal effect as understood by the plaintiff. In Bell v. Ramirez, Tex.Civ. App., 299 S.W. 655, writ ref., a suit was brought by the plaintiffs to cancel a deed conveying to Bell plaintiffs' homestead, the plaintiffs relying upon two propositions: (1) that the deed was in fact a mortgage to secure Bell in his fees and expenses as at-

torney for the plaintiffs, and (2) that the relation of attorney and client existed when the deed was executed, which fact raised the question of constructive fraud and cast upon Bell the burden of showing utmost good faith, a full and fair price, absence of pressure or influence by virtue of the confidential relation, and that no advantage was taken of his client.

See also Tippett v. Brooks, 28 Tex.Civ. App. 107, 67 S.W. 512, writ den., in which the court said:

> "A conveyance made by a client to an attorney, in the absence of unfairness or undue influence on the part of the attorney, will not be set aside simply for the reason that such a relation existed. The rule governing contracts between parties holding fiduciary relations is fully discussed by Finley, C. J., in Goar v. Thompson ([19] Tex.Civ. App. [330]) 47 S.W. 61. There it is held that where 'fiduciary relation exists between parties to a transaction, and the person occupying the position of influence or trust obtains an advantage thereby in the dealing had between them, the burden rests upon him to show its fairness *when it is attacked for fraud by the other party*. Under such conditions, equity indulges the presumption of unfairness, and requires proof at the hands of the party claiming the validity and benefits of the contract that it is fair and reasonable.'" (Emphasis supplied.)

Since there is no evidence in the record showing that appellant has not performed fully and faithfully his contract, and there is no allegation or claim in appellees' pleading that appellant has been guilty of any fraudulent, unfair, unjust or improper conduct which would place upon him the burden of proving that the contract and conveyance in question was fair, just and equitable, we are of the opinion that it was error on the part of the trial court to instruct a verdict against appellant. It is our view that without some pleading or claim raising the proposition of unfairness or inequitable conduct on the part of an attorney, no presumption thereof arises. An attorney should not be required to defend a conveyance to him by his client and to establish that such conveyance was fair, just and equitable when no claim of unfairness is asserted or involved. Appellees failed to show that there was a failure of consideration for the conveyance, but even if there was a failure of consideration, it would not necessarily establish that there was any fraud or unfairness or wrongdoing in connection with the inception and execution of the contract and conveyance. Fraud or unfairness in the inception and execution of a contract and failure of consideration are two different things.

In Lesikar v. Lesikar, Tex.Civ.App., 251 S.W.2d 555, writ ref., n. r. e., it was stated that the deed from Lesikar to his attorney was not void, but at most voidable. It made out a prima facie case so that "the burden then passed to appellant to introduce at least some evidence to show that the deed from Lesikar Sr. to his attorney was executed under domination which the law is very willing to believe upon small proof that an attorney has over his client." The court in its opinion in Archer v. Griffith, supra, distinguishes such case from Lesikar v. Lesikar, supra, Coen v. Stout, Tex.Civ.App., 245 S.W.2d 971, no writ, and Kull v. Brown, Tex.Civ.App., 165 S.W.2d 1011, no writ, on the ground that they "are not in point, because they did not involve a claim that the transaction was unfair to the client." The instant case is also distinguishable from Archer v. Griffith, supra, in that the instant case does not involve a claim that the execution of the contract and conveyance was unfair to the client.

Reversed and remanded.