**Jack S. COLE, Appellant,**

v.

**Stella McCANLIES, et al., Appellees.**

**No. 20500.**

Court of Civil Appeals of Texas, Dallas.

June 8, 1981.

Rehearing Denied July 9, 1981.

F. Ward Steinbach, Royal H. Brin, Jr., Strasburger & Price, Dallas, for appellant.

Fred R. Brown, Brown & Brown, Inc., Garland, for appellees.

Before GUITTARD, C.J., and AKIN and STOREY, JJ.

STOREY, Justice.

Plaintiffs, as independent executrices of the estate of Ruby Lee Jones, brought this suit to establish a constructive trust in favor of the estate upon an interest in real property acquired by defendant, Jack S. Cole, while he was serving as attorney for the decedent. The trial court directed a verdict for plaintiffs awarding the estate title and possession of the real property. Additionally, based upon a jury verdict, the trial court rendered judgment in favor of the estate for $8,000 actual damages and $35,000 exemplary damages. Defendant has appealed, complaining that the trial court erred in directing a verdict divesting him of his interest in the real property, and in rendering judgment for actual and exemplary damages. We agree with defendant's contentions, and reverse and remand.

Although there is some dispute with regard to the operative facts of this case, the background facts are not in dispute. In 1967, C. V. Jones, the husband of Ruby Lee Jones, was declared incompetent, and F. R. Jones, his nephew, was appointed guardian of his estate. F. R., as guardian, exercised control over C. V.'s separate and community estate until 1969 when Ruby Lee employed defendant to enforce her right to manage the community estate. On September 2, 1970, the probate court ordered F. R. to deliver the community estate to Ruby Lee. The community estate, set out in the court's order, consisted of certain stocks, notes and about $200,000 cash, together with the real property which is the subject matter of this suit. This property was the homestead of C. V. and Ruby Lee, and at all times had remained in Ruby Lee's possession. In compliance with the probate court's order, F. R. delivered the community estate to Ruby Lee. Although as guardian F. R. had never taken possession of the real property, he nevertheless executed and delivered a general warranty deed on February 10, 1971, conveying the property to "Ruby Lee Jones and her attorney, Jack Stuart Cole." This deed purported to be a sale of the property, but it did not refer to any order of the probate court authorizing or confirming such a sale, and there is no evidence that such an order of sale was ever issued.

Also on February 10, 1971, C. V. Jones died, and Mercantile National Bank qualified as independent executor of his estate. Thereafter, Mercantile sued Ruby Lee and defendant for an accounting and for possession of the community estate which had previously been delivered to them by the guardian, F. R. Jones. Other parties to this suit were Louise Jones Evans, C. V.'s daughter and principal beneficiary under his will, and George M. Jones, an adopted son who was legatee of certain specified personalty under C. V.'s will. Mercantile's suit was resolved by a "Memorandum of Settlement" dated February 19, 1973, which was signed by all parties to the suit. The memorandum provided for the exchange of cash and stock among the parties. It called for Ruby Lee and Jack Stuart Cole to transfer all of their interest in certain Brazoria County property to Louise Jones Evans. It also called for Mercantile and Louise Jones Evans to convey, by special warranty deed, all of their interests in the real property at issue in the present case to Ruby Lee Jones and Jack Stuart Cole. The court's judgment in the Mercantile case was approved and was predicated upon the "Memorandum of Settlement." It ordered that "the parties shall between themselves immediately implement and effectuate the terms and provisions of the settlement agreement." Thereafter, the parties entered into a "Memorandum of Closing" which recited that all documents necessary to implement the settlement agreement had been executed and delivered. Despite these recitations, the deed from Mercantile and Louise Jones Evans to Ruby Lee and defendant was never executed, or, if executed, was lost and never delivered. However, there appears of record a quitclaim deed from George M. Jones to Ruby Lee and defendant dated May 7, 1973, and a quitclaim deed from Louise Jones Evans to defendant dated February 2, 1977. Whether legal title actually was conveyed by these instruments or by others is a question we need not address, as Cole's acquisition of legal title is not disputed in this court.

Ruby Lee died in 1976, and, in April 1977, plaintiffs filed this suit to remove cloud on title, asserting only the guardian's deed as a cloud, and to establish a constructive trust with respect to the interest claimed by defendant in the real property. The petition alleged fraud and overreaching by defendant and sought actual and exemplary damages. At the close of evidence, the trial court directed a verdict divesting defendant of any title or interest in the real property. The remainder of the case was submitted upon seven special issues, the first five of which, in our view, are immaterial to any issue in the case; the last two are damage issues. The actual damage award of $8,000 can be based only on a theory that the guardian's deed clouded plaintiffs' title, while the exemplary damage award of $35,000 might be based either on the actual damage award or on defendant's breach of trust. *See Texas Bank and Trust Co. v. Moore*, 595 S.W.2d 502 (Tex.1980). Judgment was accordingly rendered in favor of plaintiffs for $43,000 and for title to the real property.

On appeal, plaintiffs contend that the directed verdict was proper, relying upon *Texas Bank and Trust Co. v. Moore, supra*, which states that, "where trust is reposed and substantial benefits gained, equity will recognize that the beneficiary in such transactions is a fiduciary, and as such is under the fiducial obligation of establishing the fairness of the transaction to his principal." 595 S.W.2d at 509. Plaintiffs reason that the attorney-client relation is a fiduciary one, that defendant obtained a substantial benefit by reason of the relationship, that defendant has made no attempt to explain the fairness of the transaction, and that, therefore, this case is governed by *Moore*. We cannot agree that *Moore* is controlling in this case, because appellees have failed to establish as a matter of law that this case concerns a substantial benefit obtained in the course of the fiduciary relationship. This is so because defendant testified that he obtained rights to the property as a consequence of a preexisting employment agreement with Ruby Lee. His testimony is as follow:

Q. Did you, at the time you accepted employment from Mrs. Jones, did you have any kind of arrangement with her concerning compensation?

A. Yes, sir, I did.

Q. Did that arrangement deal at least in part with the acreage, the fifteen acres more or less that is involved in this proceeding?

A. Yes, sir.

■■ The rule is that "[i]f the contract [of employment between attorney and client] was made at the inception of the prior employment, or at or before the present employment, it would not be tainted with the fraud which attaches by presumption to agreements made in the course of the relation of attorney and client." *Johnson v. Stickney*, 152 S.W.2d 921, 924 (Tex.Civ.App.—San Antonio 1941, no writ). The foregoing testimony of defendant constitutes some evidence that he indeed obtained the property as a result of a preexisting employment agreement with Ruby Lee. A jury question is presented, therefore, as to whether this employment agreement existed, to which the presumption of self-dealing or breach of trust would not attach. Consequently, we hold that the court erred in directing verdict as to title.

■ Because we have held that the directed verdict as to title was improperly granted, it follows that plaintiffs have failed to establish that defendant's claim to title is invalid, a necessary element in a suit to quiet title. *Dalton v. Allen*, 56 S.W.2d 205, 207 (Tex.Civ.App.—Amarillo 1932, no writ). We are satisfied that the guardian's deed is void as an attempt by the guardian to convey the property without authority from the probate court. *See Gallemore v. Owen*, 69 S.W.2d 469 (Tex.Civ.App.—Beaumont 1934, writ dism'd); Tex.Prob.Code Ann. §§ 157, 158 (Vernon 1980). Voidness of the deed is immaterial, however, because defendant's claim of title rests also on the "Memorandum of Settlement" with Mercantile and quitclaim deeds from George M. Jones and Louise Jones Evans.

■ The issues submitted concerning fraud in procurement of the guardian's deed are immaterial, because cancellation of the guardian's deed or its removal as a cloud on title would not affect the parties' rights. Plaintiffs' suit is essentially one for imposition of a constructive trust. If they are successful in this respect, the void guardian's deed is immaterial. If a constructive trust is not imposed, defendant may still claim an interest under the settlement agreement and the other deeds. In neither of these events can the award of actual damages be based merely upon pleading and proof of the expense of removing the guardian's deed as a cloud on title. Furthermore, in the absence of a recovery of actual damages or a recovery of property because of a breach of trust, exemplary damages are not recoverable.

As we have noted above, this case is essentially one for imposition of a constructive trust. Whether that remedy and removal of cloud on title are inconsistent remedies is a question presented neither to this court nor to the trial court, and we do not pass upon that question.

Reversed and remanded.