NGUYEN NGOC GIAO, Appellant,

v.

SMITH & LAMM, P.C., Appellee.

No. 01–85–0993–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 14, 1986.

Rehearing Dismissed Sept. 18, 1986.

Maurita N. Shedlock, Dow, Cogburn & Friedman, Houston, for appellant.

Marcus E. Faubion, Houston, for appellee.

Before EVANS, C.J., and JACK SMITH and WARREN, JJ.

## OPINION

JACK SMITH, Justice.

This is an appeal from a summary judgment awarding attorney's fees pursuant to a contract executed between the parties.

The facts in the instant case are undisputed. In February, 1982, the appellant

retained the law firm of Adamo, Cobb & Cornelius to represent him in a contract dispute styled *Nguyen Giao v. Nguyen Thong and Vietnamese Brothers, Inc.* The appellant signed a contract providing that, *inter alia,* he would pay the firm $100 per hour for its services.

On March 26, 1983, Adamo, Cobb & Cornelius assigned its rights under the contract to the appellee. In June, 1984, the appellee represented the appellant in his claim against Nguyen Thong and the Vietnamese Brothers, Inc. Sometime thereafter, the appellee billed the appellant $19,613.45 for the services it had rendered.

After the appellant failed to pay, the appellee filed suit to recover the $19,613.45 pursuant to its contractual arrangement with the appellant, plus interest and attorneys fees. In response, the appellant filed only a general denial. The appellee then moved for summary judgment based upon the contract executed by the appellant. The court granted the motion and awarded the appellee the $19,613.45 in attorney's fees under the contract, $1,323.90 in prejudgment interest, and $3,750 in attorney's fees for the instant case.

In his first point of error, the appellant contends that the trial court erred in rendering summary judgment for the appellee because the summary judgment evidence did not establish as a matter of law that there was no genuine issue of material fact and that the appellee was entitled to judgment as a matter of law. In his second point of error, he argues that the trial court erred in entering judgment because the appellee did not meet its burden of proving the fairness, adequacy, and equity of the contract between the parties. His third point of error urges that a material fact issue existed regarding his ability to voluntarily enter into the contract and fully comprehend its terms.

■ The question on appeal in a summary judgment case is not whether the summary judgment proof raises fact issues with reference to the essential elements of a plaintiff's claim or cause of action, but whether the summary judgment proof es-tablishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Blum v. Mott,* 664 S.W.2d 741, 745 (Tex.App.-Houston [1st Dist.] 1983, no writ). In reviewing a summary judgment record, this court has the duty of applying the following rules: 1) the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; 2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and 3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor. *Wilcox v. St. Mary's University,* 531 S.W.2d 589, 592–93 (Tex.1975).

In his response to the appellee's motion for summary judgment, the appellant stated that he could not read, write, or speak the English language and that it was his understanding that the contract between the parties provided for a contingent fee arrangement.

■ It is well settled that illiteracy will not relieve a party of the consequences of his contract. *Associated Employers Lloyds v. Howard,* 156 Tex. 277, 281, 294 S.W.2d 706, 708 (1956); *Indemnity Insurance Co. of North America v. W.L. Macatee & Sons,* 129 Tex. 166, 170–71, 101 S.W.2d 553, 556 (1937). As a general rule, every person having the capacity to enter into contracts, in the absence of fraud, misrepresentation, or concealment, must be held to have known what words were used in the contract and to have known their meaning, and he must also be held to have known and fully comprehended the legal effect of the contract. *Indemnity Insurance Co. of North America,* 129 Tex. at 171, 101 S.W.2d at 556. Therefore, if a person is unable to read the contract, he must have it read to him. *Id.* at 171, 101 S.W.2d at 557. The rule will not operate, however, where trick or artifice is resorted to for the purpose of preventing the party

from reading it or having it read to him. *Id.*

■ The appellant in the instant case attempts to distinguish this general principle on the basis that the parties were in a confidential relationship with one another. The appellant maintains that the law imposes a burden upon an attorney of establishing the absolute fairness of transactions he has entered into with a client. *See Archer v. Griffith*, 390 S.W.2d 735, 739–40 (Tex. 1965); *Cole v. Plummer*, 559 S.W.2d 87, 89–90 (Tex.Civ.App.—Eastland 1977, writ ref'd n.r.e.); *Ames v. Putz*, 495 S.W.2d 581, 583 (Tex.Civ.App.—Eastland 1973, writ ref'd). It is true that this rule will apply to a contract or other transaction relating to compensation, provided the attorney-client relationship is in existence at the time. *Archer*, 390 S.W.2d at 739. Therefore, if the employment contract between the attorney and his client was made at the inception of the prior employment, or at or before the present employment, it will not be tainted with the fraud that attaches by presumption to agreements made in the course of the attorney-client relationship. *Cole v. McCanlies*, 620 S.W.2d 713, 715 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.); *Johnson v. Stickney*, 152 S.W.2d 921, 924 (Tex.Civ.App.—San Antonio 1941, no writ).

The *Archer* rule has not been applied, however, where prior to the execution of the contingent fee contract the relationship of attorney and client did exist. *Plummer v. Bradford*, 395 S.W.2d 856, 859–61 (Tex. Civ.App.—Houston 1965, no writ). The court distinguished the *Archer* line of cases on the ground that in those decisions the client had attacked the transaction on some ground of unfairness. *Id.* at 861. Therefore, the court held that unless a client raises the issue of unfairness or inequitable conduct, the presumption of unfairness will not arise. *Id.* The rationale behind the rule is that an attorney should not be required to defend a conveyance made to him by his client and to establish that such conveyance was fair, just, and eq-

uitable, when the issue of unfairness is not asserted or involved. *Id.* at 861.

■ In the instant case, the appellant responded to the appellee's motion for summary judgment by asserting that the parties' language barrier created a fact issue as to whether there was a sufficient meeting of the minds to create a contract. The appellant did not allege the existence of a confidential relationship between the parties or the breach of a fiduciary duty by the appellee. Neither did he allege that he was induced into entering into the contract through fraud or other inequitable conduct. On appeal, the appellant has dropped the meeting of the minds issue and, instead, argues that the appellee failed to establish the fairness of the parties' contract.

It is well established that issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal in summary judgment proceedings. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 677 (Tex.1979); Tex.R.Civ.P. 166–A. Therefore, since the appellant failed to raise the parties' relationship or any claim regarding the inequity of the contract in the trial court, these issues are waived on appeal.

■ In his affidavit, the appellant also alleged that it was his understanding that the fee arrangement was made on a contingent basis. A provision or a term in a contract will be held ambiguous only when an application of the general rules of contract construction renders the writing capable of at least two reasonable, yet different, meanings. *Palmer v. Liles*, 677 S.W.2d 661, 666 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.) Moreover, the question of ambiguity in a contract is a matter of law for the court's determination. *Id.*

■ In the instant case, the terms of the contract clearly state that the appellant was to pay the appellee $100 per hour for services rendered. The contract is, therefore, unambiguous. The appellant's argument is premised upon the admission of

parole evidence to vary the terms of an unambiguous provision in the contract. In the absence of fraud, accident, or mutual mistake, parole evidence is inadmissible to contradict the terms of a written instrument that is complete and unambiguous on its face. *Id.*

The appellant's points of error one, two, and three are overruled.

■ In the appellant's fourth and fifth points of error, he argues that the trial court erred in granting summary judgment because a material fact issue existed regarding the reasonableness of the attorney's fees requested in the prior suit and the instant suit. It is true that the reasonableness of attorney's fees is a question of fact and must be supported by competent evidence. *Great American Reserve Insurance Co. v. Britton,* 406 S.W.2d 901, 907 (Tex.1966); *Palmer,* 677 S.W.2d at 666. The appellant argues that he raised such a fact issue through the affidavit of Maurita N. Shedlock, the attorney representing him in the instant case.

After stating her legal qualifications, Shedlock's affidavit challenged the attorney's fees incurred in the prior proceedings on the basis that the appellee's invoice neglected to state approximately how much time was spent in performing each of the legal services charged for, which attorney performed the services, and the attorney's relevant experience. In Shedlock's opinion, the manner of calculating the fees was unreasonable. Shedlock also stated that the $3,750 in attorney's fees sought for services rendered in the instant case was unreasonable, but she did not offer her reasons for reaching that conclusion.

In response, the appellee objected to Shedlock's affidavit on the ground that the statements would not be admissible at trial and therefore, did not constitute summary judgment evidence. On appeal, the appellee also argues that Shedlock failed to comply with Tex.R.Civ.P. 166–A, which requires an affidavit to be made on personal knowledge. The appellee, however, did not raise this issue in the trial court.

■ A defect in the form of an affidavit, including the failure to state that the affiant has personal knowledge of the facts contained in her affidavit, is not a ground for reversal unless the opposing party specifically pointed out by objection with an opportunity, but refusal, to amend the deficiency. *Walkoviak v. Hilton Hotels Corp.,* 580 S.W.2d 623, 626–27 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.). Therefore, this particular issue is waived.

■ The appellee erroneously contends that Shedlock was prevented from testifying as to the reasonableness of its fees under the State Bar's Code of Professional Responsibility. An affidavit by an attorney representing a party in a suit, concerning an award of attorney's fees, whether in support or in contradiction of an amount claimed to be reasonable, is admissible in a summary judgment proceeding and is considered expert testimony. *General Specialties, Inc. v. Charter National Bank,* 687 S.W.2d 772, 774 (Tex.App.—Houston [14th Dist.] 1985, no writ); *Gifford v. Old Republic Insurance Co.,* 613 S.W.2d 43, 46 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ). *See Coward v. Gateway National Bank,* 525 S.W.2d 857, 858 (Tex.1975). Moreover, the opinion of an interested expert witness is competent summary judgment proof and can raise an issue of material fact to defeat a summary judgment. *Duncan v. Horning,* 587 S.W.2d 471, 473 (Tex.App.—Dallas 1979, no writ); *Walkoviak,* 580 S.W.2d at 626. Therefore, Shedlock qualified as an expert witness in the instant case, and the appellee's exception to her testimony was unmeritorious.

■ Factors to be considered in determining the reasonableness of attorney's fees include:

(1) the time and labor involved;

(2) the nature and complexities of the case;

(3) the amount of money or the value of the property or interest involved;

(4) the extent of the responsibilities assumed by the attorney;

(5) whether other employment is lost by the attorney because of the undertaking;

(6) the benefits resulting to the client from the services;

(7) the contingency or certainty of compensation; and

(8) whether the employment is casual or for an established or constant client.

*Morgan v. Morgan,* 657 S.W.2d 484, 491–92 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd). An agreement to pay an attorney a certain sum per hour is not proof of its reasonableness. *Leal v. Leal,* 628 S.W.2d 168, 171 (Tex.App.—San Antonio 1982, no writ). Nor will a general statement by an attorney that the amount sought is reasonable and necessary support the issue of reasonableness. *Morgan,* 657 S.W.2d at 492; *Meshwert v. Meshwert,* 543 S.W.2d 877, 879 (Tex.App.—Beaumont 1976), *aff'd,* 549 S.W.2d 383 (Tex.1977). Since Shedlock's affidavit raised facts issues regarding the reasonableness of the fees incurred in the prior proceeding, it was error for the trial court to grant a summary judgment.

We also agree with appellant's contention that Shedlock's affidavit raised fact issues regarding the reasonableness of attorney's fees in the present case. In her first affidavit, she asserted that, "[plaintiffs'] attorneys fee in prosecuting the instant lawsuit does not constitute a reasonable attorney's fee." This statement raised the issue of reasonableness of the attorney's fees in the instant suit. Although the appellee filed an objection to the affidavit alleging that the affidavit did not constitute evidence, as required by Rule 166–A(e) of the Texas Rules of Civil Procedure, the objection did not specify how the affidavit was insufficient. This general objection was not sufficient to apprise the trial court of the appellee's complaint.

The appellee also asserted, in exceptions to Shedlock's affidavit, that ethical considerations were raised by Shedlock becoming a witness for her client, the appellant. ▉ The record contains the appellee's exception to Shedlock's affidavit, and we find nothing in the record to show that a hearing was requested or held or that the

court ruled on the exceptions. Under such circumstances, the exceptions were waived. Furthermore, the appellee has not cited any authority which states that the trial court could not consider Shedlock's affidavit as competent evidence in a motion for summary judgment. Shedlock, being an attorney, was qualified to give her expert opinion on whether appellee's attorney's fees were reasonable. *See* Tex.R.Evid. 705.

Appellant's fourth and fifth points of error are sustained.

The judgment of the trial court is reversed and this cause is remanded to the trial court.

EVANS, C.J., dissents.

EVANS, Chief Justice, dissenting.

I disagree with the conclusions reached by the majority on points of error four and five.

The majority opinion holds that the appellee's exceptions to the Shedlock affidavit were waived because the record does not show that the appellee requested or that the trial court held a hearing on the appellee's exceptions. In a summary judgment proceeding, objections to defects in the form of motions or supporting affidavits are made by written exceptions filed in and made a part of the summary judgment record. Tex.R.Civ.P. 166–A(e). By merely filing exceptions in the proceedings, the party asserting such objections effectively presents them to the court for its consideration.

In this case, the appellee's exceptions were before the court at the time of the hearing on appellant's motion for summary judgment, and we must assume that the court acted properly and ruled upon the objections to the Shedlock affidavit. Those objections squarely raised the issue as to whether the affiant, as appellant's counsel in the case, should be permitted to represent appellant and also to testify on a material issue in the case. Until the question of the attorney's qualification was determined

by the court, it acted within its discretion in refusing to consider the affidavit testimony of appellant's counsel. Even though confronted with the appellee's exceptions, the appellant did not make any attempt to show that her attorney had withdrawn from her representation or was otherwise permitted to give her testimony in the case. *See Bert Wheeler's, Inc. v. Ruffino,* 666 S.W.2d 510 (Tex.App.—Houston [1st Dist.] 1983, no writ); *United Pacific Ins. Co. v. Zardenetta,* 661 S.W.2d 244 (Tex.App.—San Antonio 1983, no writ). Under this particular state of the record, the trial court acted within its discretion in refusing to consider the Shedlock affidavit as raising a genuine issue of material fact precluding the appellee's motion for summary judgment.

I would affirm the trial court's judgment.