TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-00-00182-CV







Texas Property and Casualty Guaranty Insurance Association, Appellant



v.



Primeco, Inc., Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 95-10605-A, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING







 Texas Property & Casualty Guaranty Insurance Association (the Association)
appeals the district court's summary judgment that it take nothing by its claims against appellee
Primeco, Inc., and that it pay Primeco's attorney's fees as a sanction. We will affirm the
judgment in part and reverse it in part.(1)


Background

 The Association alleged in this suit that Jesus Suarez, to whom it had previously
paid workers' compensation benefits, recovered for his injuries against third parties without
reimbursing the Association.(2) In their third-party lawsuit, Jesus Suarez and his wife Anna Suarez
sued a number of parties, including Primeco. The Suarezes' lawsuit resulted in a settlement. The
Association then commenced this litigation against the Suarezes, Primeco, and the other defendants
in the Suarezes' suit to obtain reimbursement of the money it had paid Jesus Suarez. Primeco filed
a counterclaim against the Association for sanctions for filing a petition that lacked any legal or
factual basis. Denying that it had settled with the Suarezes, Primeco pointed out that it had been
dismissed from the Suarezes' lawsuit without prejudice. Primeco moved for a no-evidence
summary judgment on the Association's claims against it, and moved for a traditional summary
judgment on its counterclaim for sanctions. See Tex. R. Civ. P. (Rule) 166a(c), (i). The court
granted both motions, awarding Primeco $9,000 in attorney's fees as a sanction. The court then
severed the claims between the Association and Primeco, making the judgment final for appeal.(3)


Discussion

 In issues three and four, the Association asserts that the district court failed to
comply with the requirements for imposing a sanction. Primeco sought a sanction based on Texas
Rule of Civil Procedure 13 and chapters 9 and 10 of the Civil Practice and Remedies Code; each
of these provisions addresses abuses in filing pleadings. The district court awarded the sanction
without specifying a basis. Relying on rule 13 and chapter 10 of the Code, the Association argues
in issue three that the district court erred in sanctioning it without explaining in the order the basis
for the sanction. Rule 13; Tex. Civ. Prac. & Rem. Code Ann. (Code) § 10.005 (West Supp.
2000).

 A court imposing a sanction under rule 13 must state in the order the particulars
of good cause justifying the sanction. Rule 13. In an order imposing a sanction under chapter 10,
the court must describe the violative conduct and explain the basis for the sanction. Code
§ 10.005. The district court's order here does not include the findings required by rule 13 and
chapter 10. By failing to complain of this omission in the district court, however, the Association
has waived its complaint for review. Tex. R. App. P. 33.1(a); Spiller v. Spiller, 21 S.W.3d 451,
456 (Tex. App.--San Antonio 2000, no pet. h.); Land v. AT & S Transp. Co., 947 S.W.2d 665,
667 (Tex. App.--Austin 1997, no writ). We overrule issue three.

 In issue four, the Association argues that the district court erred in sanctioning it
under chapter 9 of the Code without allowing it ninety days to withdraw or dismiss the offending
pleading. See Code § 9.012(c), (d) (West Supp. 2000) (prohibiting sanction of incurred expenses
if offending party withdraws pleading within ninety days). At the summary-judgment hearing, the
Association offered to dismiss its claim if no sanction were imposed. Even if the court improperly
based the sanction on chapter 9, however, chapter 10 and rule 13 remain bases on which the
sanction could rest. See Dalrymple v. University of Tex. Sys., 949 S.W.2d 395, 400 (Tex.
App.--Austin 1997) (appellate court presumes that general summary judgment is supported by all
grounds in motion seeking it), rev'd on other grounds sub nom. Brewerton v. Dalrymple, 997
S.W.2d 212 (Tex. 1999). Section 9.012, moreover, does not apply to any proceeding to which
section 10.004 of the Code or rule 13 applies. Code § 9.012(h). We therefore overrule issue
four.

 The Association argues in issue seven that the court erred in rendering a no-evidence summary judgment because adequate time for discovery had not passed. In issue nine,
the Association contends that the district court erred in denying it a continuance to obtain evidence
to counter Primeco's no-evidence motion for summary judgment. A party can seek a no-evidence
summary judgment "after adequate time for discovery." Rule 166a(i). The Association requested
a continuance in its response to Primeco's no-evidence motion, claiming that Primeco had refused
to comply with its reasonable discovery requests. By affidavit attached to its response, the
Association offered evidence in support of its request.

 The Association asserts that a continuance was proper under Texas Rule of Civil
Procedure 166a(g). This section of rule 166a allows the trial court to continue a hearing when a
party states by affidavit reasons it cannot produce summary-judgment evidence. See Rule 166a(g). 
Because in proceedings for a no-evidence summary judgment "the existing rules continue to govern
the general requirements of summary judgment practice," we apply section (g) to Primeco's no-evidence motion. See Rule 166a cmt; see also McClure v. Attebury, 20 S.W.3d 722, 729 (Tex.
App.--Amarillo 1999, no pet. h.) (abated pending bankruptcy) (applying rule 166a(g) to no-evidence motion).

 We therefore consider whether the Association's affidavit, viewed in the context
of the record, establishes that the district court abused its discretion in denying a continuance. The
Association alleged that Primeco's file from its litigation against the Suarezes would provide
evidence to counter Primeco's motion, specifically evidence as to whether Primeco paid the
Suarezes to dismiss the suit against it. The Association's attorney stated in the affidavit that the
file was in the possession of Primeco's former attorney, who represented it against the Suarezes,
and that Primeco's present attorney had not seen the file and would not produce it for inspection
unless ordered by the court.

 The Association initiated this cause in August 1995. Primeco responded to the
Association's request for production of documents in mid-January 1999. On January 27, 1999,
Primeco moved for summary judgment, and the Association responded on February 16, 1999. 
On the same date, the Association filed a motion to compel Primeco to produce documents
pertaining to the Suarezes' claim. The court granted Primeco's summary-judgment motion on
February 18, 1999.

 The record does not show that the Association initiated discovery until shortly
before Primeco moved for summary judgment, almost three and one-half years after the
Association filed suit. That Primeco's file from the Suarezes' suit was in the hands of a third party
does not explain why the Association had not sought, during the prior three and one-half years,
to obtain it from that party, to obtain an order compelling its production, or to seek the
information it contained through other means. Although the Association refers in its response to
an informal agreement with another defendant to abate the suit, the agreement is not mentioned
in the Association's affidavit. In any event, the Association does not give the date of the
agreement or explain why discovery could not have proceeded as to Primeco. Because the
Association's affidavit does not show that it lacked adequate opportunity for discovery, the district
court did not abuse its discretion in denying the continuance. E.g., McClure, 20 S.W.3d at 729-30. We overrule issues seven and nine.

 In issue five, the Association asserts that the district court erred in granting
Primeco's request for sanctions without holding an evidentiary hearing. The hearing contemplated
by summary-judgment procedure need not be oral, but can be conducted by written submission. 
Martin v. Martin, Martin & Richards, Inc., 989 S.W.2d 357, 359 (Tex. 1998). Even if an oral
summary-judgment hearing occurs, oral testimony cannot be adduced. Rule 166a(c); Martin, 989
S.W.2d at 359. In the summary-judgment proceeding here, both Primeco and the Association
submitted affidavits and documentary evidence supporting their allegations on sanctions and 
reasonable attorney's fees. The court was not required to proceed to a conventional trial on
sanctions unless the evidence submitted to it presented a fact issue. The Association fails to argue
in this case that such an issue exists. Because the district court held an evidentiary hearing to
determine whether a sanction was proper and to assess attorney's fees as a sanction, we overrule
issue five.

 In its sixth issue, the Association contends that the district court erred in rendering
summary judgment for $9,000 in attorney's fees because it raised a fact issue as to the
reasonableness of the fee. Primeco sought attorney's fees as a sanction under rule 13 and section
10.004 of the Code. See Rule 13; Code § 10.004(c)(3) (West Supp. 2000). As a sanction under
both rule 13 and chapter 10, the court can award reasonable attorney's fees. Code § 10.004(c)(3)
(West Supp. 2000); Rule 13; see Rule 215.2(b). The reasonableness of an attorney's fee is a
question of fact that must be supported by competent evidence. Woollett v. Matyastik, 23 S.W.3d
48, 52 (Tex. App.--Austin 2000, pet. denied); Nguyen v. Smith & Lamm, P.C., 714 S.W.2d 144,
148 (Tex. App.--Houston [1st Dist.] 1986, no writ). A general statement by an attorney that the
amount sought is reasonable is not alone proof of its reasonableness. Nguyen, 714 S.W.2d at 149;
see Burrow v. Arce, 997 S.W.2d 229, 236 (Tex. 1999) (expert must support opinion by reasoned
basis).

 Factors to be considered in determining whether an attorney's fee is reasonable
include: (1) the time and labor involved; (2) the nature and complexities of the case; (3) the
amount of money or the value of the property or interest involved; (4) the extent of the
responsibilities assumed by the attorney; (5) whether other employment is lost by the attorney
because of the undertaking; (6) the benefits resulting to the client from the services; (7) the
contingency or certainty of compensation; and (7) whether the employment is occasional or for
an established client. Nguyen, 714 S.W.2d at 148-49. We review the evidence to determine
whether Primeco established that no issue of fact existed as to the reasonableness of an award of
$9,000 in attorney's fees. Rule 166a(c).

 The attorney for Primeco, Richard Fulton, stated by affidavit that, based on his
familiarity with reasonable and customary attorney's fees in Travis County, a reasonable fee for
defending a similar case in Travis County was $200 an hour. He stated that the law firm with
whom he worked had spent forty-five hours of attorney time researching and defending the case,
not including further depositions or hearings beyond filing the summary-judgment motion. The
Association's attorney, Loren Smith, controverted this evidence by his own affidavit, in which he
stated that, based on his familiarity with reasonable and customary fees in Travis County, $200
an hour for this kind of case was not reasonable and necessary. Although he had been practicing
longer than Fulton, Smith charged the Association in this case only $110 an hour. Smith
challenged the number of hours Fulton's firm spent as excessive and as unsupported, lacking an
itemization of the tasks performed.

 By specifying in his affidavit that despite his longer experience as an attorney his
own fee in this case was almost half that of Fulton's, Smith provided a factual basis for his opinion
that Fulton's hourly fee was unreasonable. Smith further pointed out that Fulton did not itemize
the tasks making up the forty-five hours charged. We determine that the Association raised a
material fact issue as to what constitutes a reasonable attorney's fee in this case. We therefore
sustain the Association's sixth issue.

 In its first issue, the Association asserts that the district court erred in granting
summary judgment on its petition for bill of discovery. After Primeco moved for summary
judgment in this case, the Association filed "Plaintiff's First Amended Petition and Petition for Bill
of Discovery." To supply the procedure for its bill of discovery, the Association relies on former
Texas Rule of Civil Procedure 737. See Rule 737, 136 Tex. 657 (1940, repealed 1998). Because
Rule 737 was no longer in effect when the Association filed its petition and because the relief it
sought was access to discovery, we construe the petition for bill of discovery as a motion for an
order to compel discovery. See Rule 215. The Association in fact subsequently filed "Plaintiff's
Motion to Compel or for Bill of Discovery."

 Primeco sought a no-evidence summary judgment on the Association's substantive
claims against it, but did not seek a ruling on the Association's motion to compel. In its summary
judgment, the district court addressed the Association's claims against Primeco and Primeco's
counterclaim for sanctions, but did not adjudicate the motion to compel. Because the Association's 
motion was not the subject of the summary-judgment proceedings, we overrule issue one.

 In its second issue, the Association contends that the court erred in sanctioning it
for filing the petition for bill of discovery. Primeco based its counterclaim for sanctions, which
it filed before the Association filed its petition for bill of discovery, on the claims the Association
asserted in its petition. In moving for summary judgment on its counterclaim, Primeco relied on
the Association's petition and the lengthy requests for discovery it served. Because the court did
not sanction the Association for filing the petition for bill of discovery, we overrule issue two.

 In issue eight, the Association contends that the district court erred in denying its
motion to compel. The record does not show that the Association presented the motion to the
court or obtained a ruling on its motion. Because the Association has waived this contention, we
overrule issue eight. See Tex. R. App. P. 33.1(a)(1), (2).


Conclusion

 We reverse the district court's judgment insofar as it awards attorney's fees of
$9,000 to Primeco and remand that portion of the cause for further proceedings on the merits. We
affirm the remainder of the district court's judgment.



 

 Lee Yeakel, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed in Part; Reversed and Remanded in Part

Filed: November 16, 2000

Do Not Publish


1. We consider this appeal without a brief having been tendered by Primeco.
2. In its first amended petition, the Association brought suit to recover both benefits it
directly paid and those it was due as successor-in-interest to Texas Employers' Insurance
Association.
3. Although Judge Mary Pearl Williams rendered the severance order that resulted in a final
judgment, Judge Ernest Garcia rendered the orders at issue in this appeal, namely the denial of
a continuance and the summary judgment.


n, stated by affidavit that, based on his
familiarity with reasonable and customary attorney's fees in Travis County, a reasonable fee for
defending a similar case in Travis County was $200 an hour. He stated that the law firm with
whom he worked had spent forty-five hours of attorney time researching and defending the case,
not including further depositions or hearings beyond filing the summary-judgment motion. The
Association's attorney, Loren Smith, controverted this evidence by his own affidavit, in which he
stated that, based on his familiarity with reasonable and customary fees in Travis County, $200
an hour for this kind of case was not reasonable and necessary. Although he had been practicing
longer than Fulton, Smith charged the Association in this case only $110 an hour. Smith
challenged the number of hours Fulton's firm spent as excessive and as unsupported, lacking an
itemization of the tasks performed.

 By specifying in his affidavit that despite his longer experience as an attorney his
own fee in this case was almost half that of Fulton's, Smith provided a factual basis for his opinion
that Fulton's hourly fee was unreasonable. Smith further pointed out that Fulton did not itemize
the tasks making up the forty-five hours charged. We determine that the Association raised a
material fact issue as to what constitutes a reasonable attorney's fee in this case. We therefore
sustain the Association's sixth issue.

 In its first issue, the Association asserts that the district court erred in granting
summary judgment on its petition for bill of discovery. After Primeco moved for summary
judgment in this case, the Association filed "Plaintiff's First Amended Petition and Petition for Bill
of Discovery." To supply the procedure for its bill of discovery, the Association relies on former
Texas Rule of Civil Procedure 737. See Rule 737, 136 Tex. 657 (1940, repealed 1998). Because
Rule 737 was no longer in effect when the Association filed its petition and because the relief it
sought was access to discovery, we construe the petition for bill of discovery as a motion for an
order to compel discovery. See Rule 215. The Association in fact subsequently filed "Plaintiff's
Motion to Compel or for Bill of Discovery."

 Primeco sought a no-evidence summary judgment on the Association's substantive
claims against it, but did not seek a ruling on the Association's motion to compel. In its summary
judgment, the district court addressed the Association's claims against Primeco and Primeco's
counterclaim for sanctions,